IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  OPINION AND ORDER

     Plaintiff,

                  10-cv-85-bbc
                  07-cr-145-bbc-01

   v.

CANDICE J. ROSENBERG,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Defendant Candice J. Rosenberg has filed a timely motion for post conviction relief under 28 U.S.C. § 2255. She alleges a number of grounds for relief: (1) the government's expert witness was not qualified to testify as an expert and her testimony was not credible; (2) the government never proved that defendant had the necessary criminal intent to commit the crime of which she was found guilty; (3) the government never proved that defendant did anything illegal; (4) the court should not have accepted her plea of guilty; and (5) she was "ill-advised" by her trial counsel about pleading guilty.

   Defendant is barred from raising the first four allegations in a post conviction motion under 28 U.S.C. § 2255. The law is clear that a defendant cannot use such a motion to raise

1

matters she could have raised on a direct appeal from her conviction and sentence. There are two exceptions to this rule, of which defendant can take advantage only if (1) she can show that she had good cause for not raising her claims on direct appeal *and* that she would be prejudiced if she could not raise them now or (2) she can show that she is actually innocent of the charges. Defendant has not shown that either of these exceptions is available to her. Her remaining allegation suggesting ineffectiveness of counsel is the kind of claim that could be raised in a post conviction motion but defendant has not made out a viable claim of ineffectiveness that would require further consideration. Accordingly, her motion will be denied in full.

## BACKGROUND

In an indictment returned on October 11, 2007, the grand jury charged defendant with 82 counts of knowingly and intentionally dispensing various Schedule II controlled substances, pursuant to prescriptions not written in the usual course of professional practice, in violation of 21 U.S.C. § 841(a)(1), 21 C.F.R.C. § 1306.04(a) and 21 C.F.R. § 1308(12)(a). Defendant entered a plea of guilty to count 35 on May 15, 2008 and was sentenced on September 9, 2008 to a term of imprisonment of 70 months. At sentencing, defendant contested 52 of the 81 counts to which she did not plead, arguing that it would be improper for the court to consider these 52 as relevant conduct under the Sentencing

Guidelines. (She raised no objection to considering the other 29 as relevant conduct.) In response, the government put in evidence from which I found that it was more probable than not that all of the counts to which defendant did not plead guilty could be taken into consideration as relevant conduct. Relying on the testimony of the government's expert witness, Mary Jo Willis, a retired professor from the University of Wisconsin-Madison School of Nursing, I found that the relevant conduct included the 52 prescriptions that defendant had challenged. Like the other prescriptions to which defendant did not object, these had no legitimate medical purpose and were written outside the course of appropriate medical practice.

After defendant appealed, the court of appeals appointed new counsel to represent her on appeal. She challenged only her sentence on appeal and did so on the ground that this court had erred in treating the prescriptions charged in the 52 dismissed counts as relevant conduct. She contended first, that it was error for the sentencing court to find the evidence of relevant conduct sufficient because the government did not show by a preponderance of the evidence that each prescription was unlawful and second, that it was error for the court to conflate the civil and criminal standards of liability. The court of appeals rejected defendant's arguments and affirmed her conviction on October 26, 2009. United States v. Rosenberg, 585 F.3d 355 (7th Cir. 2009).

The court held that it was not necessary for the sentencing court to specifically

3

address each prescription included as relevant conduct, because the government's expert discussed each of the four patients that were the subject of the 52 dismissed counts and explained why each prescription for each patient was not written within the usual course of medical practice. Second, the court of appeals found no conflation of the civil and criminal standards of liability, noting that although this court discussed the civil standard at sentencing, "it only did so to illuminate the criminal standard, which it repeatedly stated." Id. at 358. Defendant filed this post conviction motion on February 16, 2010.

OPINION

A. Claims Barred by Defendant's Failure to Raise Them on Direct Appeal

Section 2255 is not intended to be either a substitute for a direct appeal or an opportunity to re-argue matters decided on direct appeal. The law of the case doctrine prevents reargument of decided matters. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). A defendant who bases a challenge to her conviction and sentence on an issue that could have been raised on direct appeal may proceed only if she can show that she has "both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims or [that] a refusal to consider the issue would lead to a fundamental miscarriage of justice." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989)).

4

Defendant does not suggest any reason why she could not have raised on appeal her challenges to the expert's qualifications, the government's alleged failure to prove that she had the necessary intent to commit the crime, its alleged failure to show that she was guilty of doing anything illegal and the court's error in accepting her guilty plea. She has said that her appellate counsel did not think of raising the first issue at the time he submitted her appeal, but "not thinking of something" falls far short of a showing of "good cause," when defendant does not contend that her appellate counsel was ineffective.

In any event, it is immaterial whether defendant had good cause for her failure to appeal these issues because she cannot show any prejudice resulting from the failure. Her allegation that the government's expert was not qualified would not have persuaded the court of appeals to overturn defendant's conviction. Her only allegations on this point are that the expert had been a professor most of her life, had never been in private practice or worked as an adult nurse practitioner for any length of time, but had specialized in geriatric care. It is evident from the court of appeals' decision on the issues that appellate counsel did raise that it found the government's expert qualified to give opinions on the propriety of defendant's prescribing practices. Rosenberg, 585 F.3d at 358 ("The comprehensive testimony given by Willis [the government's expert witness] provided sufficient evidence for the district court to conclude that the prescriptions written [by defendant] to the four patients were out of bounds and thus includable as relevant conduct.")

5

Defendant alleges that when asked about why a certain dosage prescribed by defendant was too high, Willis said only, "I just feel it."  She does not give a citation to the record to support her allegation, but a review of the transcript of the entire sentencing proceeding disproves her allegation and any implication that Willis's testimony was not founded on specific instances of unapproved practices.  Willis testified at length about the multitude of shortcomings in defendant's work:  her lack of charting, her failure to take complete medical histories from her patients, her failure to consider treatments other than prescription opiates; her failure to refer patients to doctors or physical therapists for pain relief; her deliberate obliviousness to signs that her patients were coming to her only because she was a source of opiates; and her meeting with patients in non-private settings, such as parking lots and stores.

Defendant argues that the government never proved that she had the necessary criminal intent to commit the crime or that she did anything illegal.  She seems to have forgotten that she entered a plea of guilty to the crime charged in count 35 that she had "knowingly and intentionally" dispensed a Schedule II controlled substance to a patient.  Her plea of guilty served as an admission of the factual elements of the charge.  In addition, during the plea colloquy, she agreed that the government could prove its case against her and she described in her own words exactly how she committed the crime.  Transcript of Plea Hrg., dkt. #72.

6

Defendant may be asserting that the government did not prove her intent to write the prescriptions or the illegality of writing the prescriptions that were the subject of the 52 counts included as relevant conduct, but there is no merit to such an assertion. Expert witness Willis clearly demonstrated the illegality of defendant's acts of knowingly and intentionally dispensing Schedule II controlled substances pursuant to prescriptions not written in the usual course of professional conduct. It was reasonable to infer from defendant's own actions, the existence of the prescriptions, the circumstances in which they were written and defendant's professional background that she acted intentionally, that is, purposely, with the conscious object to engage in conduct of that nature. Wayne R. LaFave, Substantive Criminal Law, § 5.2(b) at 344 (2003) ("One is said to act 'purposely' as to the nature of his conduct if 'it is his conscious object to engage in conduct of that nature.'")

Defendant asserts that the court erred in accepting her plea. This too is a claim that she never raised on direct appeal. Again, she has not shown that she had good cause for not doing so or that she would be prejudiced if the claim is not heard. She has not identified anything about the plea colloquy that would have provided a reason for the court to reject the plea, such as a statement during the colloquy that she had not had adequate advice from her attorney or that she did not agree with the government's summary of the evidence it could have produced had the case gone to trial.

In summary, defendant has not shown either that she had good cause for not raising her first four allegations on direct appeal or that she would be prejudiced if she could not be heard on those allegations at this time.  Therefore, she is precluded from pursuing these claims in her post conviction motion.

### B. Alleged Ineffectiveness of Trial Counsel

Although defendant alleges that her trial counsel was ineffective, she has not identified any specific instances of ineffectiveness.  She says only that her counsel gave her poor advice about entering a plea of guilty.  To succeed on any ineffectiveness challenge, a defendant must prove that counsel's performance fell below an objective standard of reasonableness *and* that she suffered prejudice as a result.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  It is not enough simply to allege ineffectiveness; a defendant must "establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and from which the court can "determine whether such acts or omissions fall outside the wide range of professionally competent assistance." Wyatt v. United States, 574 F.3d 455, 458 (7th Cir. 2009) (citing Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003)).  Defendant has not identified any specific way in which counsel did not measure up to Strickland's standards.

8

To succeed on the more specific challenge that counsel gave her constitutionally ineffective advice about entering a guilty plea, defendant would have to show that she would not have pleaded guilty had her counsel given her more accurate advice. United States v. Rodriguez-Luna, 937 F.2d 1208, 1215 (7th Cir. 1991) (defendant must show more than that he would not have pleaded guilty if he had received correct advice; evidence that defendant would have been unlikely to succeed at trial tended to disprove his claim that he would have proceeded to trial). In this case, defendant has not even alleged, much less shown that she would have insisted on going to trial rather than enter into a plea agreement. Thus, her claim fails at the outset.

Defendant does not qualify for a certificate of appealability because no reasonable jurist would find that defendant's motion has any merit. Judges would not consider it debatable that defendant is precluded from proceeding by her failure to raise her claims on direct appeal and by her failure to specify how her trial counsel was ineffective.

ORDER

IT IS ORDERED that defendant Candice J. Rosenberg's motion for post conviction

9

relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability will issue.

Entered this 4th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge